## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Oliver M.,[1]

      Petitioner,

v.

Pamela Bondi, *Attorney General*; Markwayne Mullin, *Secretary of Homeland Security*; Todd M. Lyons, *Acting Director of U.S. Immigration & Customs Enforcement*; Marcos Charles, *Acting Executive Associate Director, U.S. Enforcement and Removal Operations*; David Easterwood, *Field Office Director for Enforcement and Removal Operations*; U.S. Immigration & Customs Enforcement; U.S. Department of Homeland Security; Sirce Owen, *Acting Director of Executive Office of Immigration Review*; Executive Office of Immigration Review; and Ryan Shea, *Sheriff, Freeborn County Jail*,

      Respondents.

File No. 26-CV-2003 (JMB/EMB)

**ORDER**

---

Nicholas Ratkowski and Elizabeth Sue Eckholm, Ratkowski Law PLLC, St. Paul, MN, for Petitioner Oliver M.

David W. Fuller, United States Attorneys' Office, Minneapolis, MN, for Respondents Pamela Bondi, Markwayne Mullin, Todd M. Lyons, Marcos Charles, David Easterwood, U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security, Sirce Owen, and Executive Office of Immigration Review.

Davd John Walker, Freeborn County Attorney's Office, Albert Lea, MN, for Respondent Ryan Shea.

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental party in immigration cases.

1

This matter is before the Court on Petitioner Oliver M.'s petition for a writ of habeas corpus (Petition).  (Doc. No. 1.)  For the reasons explained below, the Court grants the petition.

## FINDINGS OF FACT

1.      Oliver M. is a native and citizen of the Democratic Republic of the Congo who has been a lawful permanent resident (LPR) in the United States since May 2001.  (Doc. No. 1 [hereinafter, "Pet."] ¶¶ 12, 31; Doc. No. 6-3.)

2.      Oliver M. was inspected and admitted to the United States as a refugee with his parents and eight siblings more than twenty-six years ago.  (Pet. ¶ 12.)

3.      Oliver M. is a college graduate who lives and is gainfully employed in Rochester, Minnesota.  (*Id.* ¶ 12.)

4.      At some time before March 3, 2026, Oliver M. was arrested in Olmsted County for a "domestic-related incident."[2]  (*See id.* ¶ 2.)  On March 3, 2026, he was being held in the Olmsted County Jail.  (*E.g.*, Doc. No. 6-1 at 1.)

5.      On March 3, 2026, a Department of Homeland Security (DHS) deportation officer signed a Form I-247A—an Immigration Detainer Notice of Action (Detainer),[3]

---

[2] Neither Oliver M. nor Respondents have provided the Court with any details related to this criminal charge, including the nature of the allegations, when it occurred, or the offense level.  Similarly, neither Oliver M. nor Respondents have provided the Court with any report or description of Oliver M.'s criminal history.

[3] "A detainer serves to advise another law enforcement agency that the Department seeks custody of a[] [non-citizen] presently in the custody of that agency, for the purpose of arresting and removing the [non-citizen]. The detainer is a request that such agency advise the Department, prior to release of the [non-citizen], in order for the Department to arrange

which was addressed to the Olmsted County Jail.  (Doc. No. 6-1 at 1–4.)  The Detainer requested that officials at the Olmsted County Jail notify DHS when Oliver M. would be released from custody.[4]  (Pet. at 1.)

6.    The same day, March 3, 2026, an authorized immigration officer signed a Form I-200 administrative warrant for Oliver M.'s arrest.  (Doc. No. 6-1 at 5.)  The Form I-200 was appended to the Detainer that DHS sent to Olmsted County Jail.  (*See* Doc. No. 6-1.)

7.    The Detainer form advises that "DHS officers are authorized to arrest a removeable [non-citizen] under the immigration laws pursuant to an administrative warrant pending a decision on whether they will be removed from the United States, under 8 U.S.C. § 1226(a) and 8 C.F.R. § 236.1(b) . . . ."  (Doc. No. 6-1 at 2.)

8.    It does not appear from the face of the Detainer or from any other document in the record, that Olmsted County served the Detainer on Oliver M.  (*See* Doc. No. 6-1 (containing no filled-in information in the portion of the document that would indicate service of the administrative warrant).)

9.    The record does not show that DHS officials issued a Form I-862 Notice to Appear (NTA) at any time before issuing the Form-I-200 on March 3.

10.    On or around March 4, 2026, Oliver M. attended a hearing at the Olmsted

---

to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible."  8 C.F.R. § 287.7(a).

[4] The Court notes that, in DHS-generated documents filed by Respondents, Oliver M.'s name is spelled "Olivier M."

County District Court related to the "domestic-related incident." (Pet. ¶¶ 1, 32.)  A Third Judicial District Judge in Olmsted County District Court released Oliver M. on bond.  (*Id.* ¶ 1.)[5]  On March 4, after Oliver M. posted bond and after he was released from custody concerning the criminal charges against him, Immigration and Customs Enforcement (ICE) agents arrested him and took him into custody  (*Id.* ¶¶ 2, 32.)

11.    ICE agents did not serve Oliver M. with an NTA or a Form I-200 on the day of his arrest.  (*Id.* ¶¶ 33–34.)

12.    Before his arrest, Respondents had never previously placed Oliver M. in removal proceedings.  (*Id.* ¶¶ 31, 33.)

13.    On March 5, 2026, the day after Respondents took Oliver M. into custody, DHS presented Oliver M. with an NTA, a Form I-200 administrative warrant, and a Form I-286 Notice of Custody Determination.  (Doc. No. 6-2; Doc. No. 6-3.)

14.    The NTA states that Oliver M. had been deemed removeable on grounds that, in February 2019, Oliver M. was convicted of domestic assault and in October 2019, was convicted of violating a no-contact order.  (Doc. No. 6-3 at 1, 4.)  Oliver M. acknowledged receipt of the NTA "in presence of an attorney."  (*Id.* at 2.)

15.    The Form I-200 that Oliver M. received on March 5, 2026, had also been signed by an authorized immigration officer that same day.  (Doc. No. 6-2 at 1.)[6]

16.    The Form I-286 notified Oliver M. that an authorized immigration officer

---

[6] The March 5, 2026 Form I-200 is not the same document as the March 3, 2026 Form I-200.  (*Compare* Doc. No. 6-1 at 5 (dated March 3, 2026, and bearing a DHS official's digital signature), *with* Doc. No. 6-2 at 1 (dated March 5, 2026, and bearing a DHS official's handwritten signature).)

had determined that he would remain detained "pending a final administrative determination in [his] case." (Doc. No. 6-2 at 2.) Oliver M. acknowledged receipt of DHS's custody determination and indicated that he "do[es] request an immigration judge review of this custody determination." (*Id.*)

17.    Oliver M. is scheduled for a hearing in immigration court on June 10, 2026. (*Id.* ¶ 35; Doc. No. 6-3 at 1.)

18.    On March 24, 2026, Oliver M. filed his Petition. In it, he asks the Court to order his immediate release from Respondents' custody on grounds that ICE had arrested him without an arrest warrant and, as a result, his detention was unlawful under 8 U.S.C. § 1226(a). (*See generally* Pet.; *see also id.* ¶ 3.) Oliver M. seeks a variety of other relief, including a declaration that his detention is unlawful under the Due Process Clause of the Fifth Amendment of the U.S. Constitution, and a finding that Respondents' conduct violates the Administrative Procedures Act. (*See id.* at 19–20.) He also seeks attorney fees under the Equal Access to Justice Act. (*Id.* at 20.)

19.    On March 25, 2026, the Court ordered Respondents to file a response to the Petition by March 27, 2026 at 11:00 a.m. (Doc. No. 4.) Respondents Pamela Bondi, Markwayne Mullin, Todd M. Lyons, Marcos Charles, David Easterwood, U.S. Immigration & Customs Enforcement, U.S. Department of Homeland Security, Sirce Owen, and Executive Office of Immigration Review (together, the Federal Respondents) timely filed a response. (Doc. No. 5.) Respondent Ryan Shea did not file a response.

20.    Oliver M. remains in ICE custody and detained in the Freeborn County Jail in Albert Lea, Minnesota. (*Id.* ¶ 12.)

## DISCUSSION

Oliver M. seeks immediate release on grounds that Respondents effected an arrest using an invalid Form I-200 and, thus, his continued detention is in violation of 8 U.S.C. § 1226(a). The Federal Respondents assert that the premise of Oliver M.'s Petition is factually incorrect; they argue that his arrest was pursuant to a valid Form I-200 and, therefore, his continued detention is lawful under 8 U.S.C. § 1226(a). That is, Oliver M. and the Federal Respondents disagree whether a valid Form I-200 existed at the time of his arrest. For the reasons discussed below, the Court concludes that Oliver M.'s continued detention is unlawful under 8 U.S.C. § 1226(a) because no valid Form I-200 arrest warrant authorized his March 4 arrest; as a result, the Court will grant the Petition.

### A.    Constitutional Guarantee of Habeas Review

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020)

6

(citation omitted).  The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence.  *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

**B.        Validity of the March 3, 2026 Form I-200 Administrative Warrant**

Both Oliver M. and the Federal Respondents agree that 8 U.S.C. § 1226(a) governs Oliver M.'s detention.  (*See* Pet. ¶ 23; Doc. No. 5 at 1.)  That statute provides that, "[o]n a warrant issued by the Attorney General, a [non-citizen] may be arrested and detained pending a decision on whether the [non-citizen] is to be removed from the United States." 8 U.S.C. § 1226(a); *see also Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." (quotation omitted)).  A Form I-200 is an administrative arrest warrant which authorizes a non-citizen's arrest if it is issued "*[a]t the time of issuance* of the [NTA], *or at any time thereafter* and up to the time removal proceedings are completed."  8 C.F.R. § 236.1(b) (emphasis added).  The NTA is the document or form that initiates removal proceedings.  8 CFR § 239.1.  Putting both rules together, DHS may arrest a non-citizen using a Form I-200 only if the Form I-200 issues at the same time or after DHS issues an NTA.  *See* 8 U.S.C. § 1226(a); 8 C.F.R. § 236.1(b)(1).

Here, Respondents make no argument that a Form I-200 can be valid in the absence of an NTA.  Instead, the Federal Respondents argue that Oliver M. "was arrested pursuant to an immigration detainer provided to the Olmsted County Jail, and on a warrant of arrest

prepared prior to his arrest and then served on [him]."[7]  (Doc. No. 5 at 2.)  In other words, the Federal Respondents assert that the March 3, 2026, Form I-200 authorized DHS to arrest Oliver M. on March 4, 2026.[8]  The Court disagrees.  Oliver M.'s detention is unlawful because he was not arrested pursuant to a valid warrant, as required by 8 U.S.C. § 1226(a).  At the time of his arrest on March 4, 2026, DHS had not yet issued an NTA. (*See* Doc. No. 6-3.)  Therefore, the March 3, 2026, Form I-200 was plainly invalid under 8 C.F.R. § 236.1(b)(1), and his arrest was warrantless under 8 U.S.C. § 1226(a).  *See Gonzalez Ochoa v. McCleary*, __ F. Supp. 3d __, __, No. 3:25-CV-0139 (SHL/WPK), 2026 WL 235589, at *5 (S.D. Iowa Jan. 2, 2026) (concluding ICE had no authority to arrest petitioner relying on Form I-200 that issued before the NTA); *Alberto C.M. v. Noem*, __ F. Supp. 3d __, __, No. 26-CV-0380 (DWF/SGE), 2026 WL 184530, at *2 (D. Minn. Jan. 23, 2026) (granting petition on grounds that detention under section 1226(a) was unlawful where Form I-200 "was not issued until after [petitioner's] arrest and initial detention"); *see also, e.g.*, *Pina C.D.B. v. Bondi*, No. 26-CV-1929 (KMM/DJF), 2026 WL 810676, at *3 (D. Minn. Mar. 24, 2026) (concluding "immediate release is the proper remedy" for arrest effected in absence of valid administrative warrant); *Jouquin C.S. v. Bondi*, No. 26-CV-1438 (DWF/DJF), 2026 WL 483256, at *2–3 (D. Minn. Feb. 20, 2026) (concluding DHS's detention of petitioner under section 1226(a) was unlawful because DHS arrested

---

[7] The Respondents make no argument that a warrantless arrest was intended or otherwise justified.

[8] Respondents make no separate argument concerning the March 5, 2026, Form I-200. Nevertheless, this warrant does not justify the arrest of Oliver M. because ICE first detained him on March 4, 2026, prior to the issuance of the second Form I-200 on March 5, 2026.

8

petitioner pursuant to a Form I-200 that was invalid by virtue of being issued prior to issuance of NTA); *Marinero v. Bondi*, No. 26-CV-1007 (JMG), 2026 WL 357653, at *1 (D. Minn. Feb. 9, 2026) ("[I]ssuing an administrative warrant after an arrest . . . isn't good enough to trigger § 1226(a).")   Therefore, because Oliver M.'s arrest was unlawful, immediate release is the appropriate remedy.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED, as follows:

1. Respondents must IMMEDIATELY release Petitioner Oliver M. in Minnesota, without conditions, and in any event, on or before 5:00 p.m. CT on April 5, 2026.

2. On or before 11:00 a.m. CT on April 6, 2026, counsel for Respondents shall file a letter affirming that Petitioner was released from custody in accordance with this Order.  Counsel shall also file a declaration on or before 11:00 a.m. CT on April 6, 2026, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaching any and all relevant documentation concerning the Petitioner's release, and affirms that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation).  If Petitioner was transferred out of Minnesota prior to the Court's Order granting the Petition, counsel shall also file a declaration on or before 11:00 a.m. CT on April 6, 2026, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that includes the following: (a) the name or names of any individual or individuals who authorized Petitioner's transfer outside of Minnesota; (b) the basis for the transfer; (c) the time and date when that decision was made; (d) the time and date when Petitioner was moved; and (e) what efforts Respondents took to return Petitioner to Minnesota as ordered by the Court.

3. To the extent Petitioner Oliver M. seeks additional relief, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  April 3, 2026                                   /s/ *Jeffrey M. Bryan*
                                                        Judge Jeffrey M. Bryan
                                                        United States District Court